UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| W.H., et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>OLYMPIA SCHOOL DISTRICT, et al.,<br><br>               Defendants. | CASE NO. C16-5273 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE |

This matter comes before the Court on Defendants Olympia School District, Jennifer Priddy, Frederick David Stanley, Barbara Greer, William Lahmann, and Dominic Cvitanich's ("Defendants") motion to strike (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 8, 2016, Plaintiffs P.H., W.H., J.H., S.A., and B.M. ("Plaintiffs") filed a complaint against Defendants. Dkt. 1 ("Comp."). Plaintiffs allege Defendants were deliberately indifferent to the safety and wellbeing of P.H. and S.A., two minor children

ORDER - 1

who were sexually abused by a school bus driver. *Id.* ¶¶ 12–13, 15. Plaintiffs bring claims under 42 U.S.C. § 1983 and Title IX, as well as state law claims for negligence, negligent infliction of emotional distress, outrage, and loss of consortium. *Id.* ¶¶ 63–69. Plaintiffs have attached 179 pages of exhibits to their complaint. *See generally* Comp.

On May 26, 2016, Defendants moved to strike portions of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(f). Dkt. 7. On June 6, 2016, Plaintiffs responded. Dkt. 8. On June 10, 2016, Defendants replied. Dkt. 11.

## II. DISCUSSION

Defendants seek to strike several exhibits attached to Plaintiffs' complaint, including an excerpt from the bus driver's psychosexual evaluation, a jury verdict from a prior case, Plaintiffs' public record requests, and deposition testimony from prior cases. Dkt. 7 at 5–7. Defendants also seek to strike references to the deposition testimony in Plaintiffs' complaint. *Id.* at 8. Defendants contend this material is redundant, immaterial, and impertinent. *Id.* at 2.

Under Rule 12(f), the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A 'redundant' matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). "An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded." *Id.* An "impertinent" matter is one that does not pertain and is unnecessary to the issues in question. *Id.*

"While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). The decision to grant a motion to strike lies within the Court's discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

With respect to the deposition testimony referenced in Plaintiffs' complaint, the Court declines to strike this material. Although Defendants argue the testimony violates Rule 8(a)'s requirement for a "short and plain statement" of the facts and claims, the Court cannot conclude that the material has no connection to the claims in this case. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). The Court therefore denies Defendants' motion on this issue.

As for the exhibits in question, the Court finds that they should be stricken. Plaintiffs have filed a thirty-four-page complaint that thoroughly sets forth their factual allegations and claims. After reviewing the complaint, the Court concludes that the psychosexual evaluation and deposition transcripts are redundant because Plaintiffs' complaint already contains allegations about the psychosexual evaluation and the deposition testimony. *See, e.g.*, Comp. ¶¶ 28–29, 39–40, 42–45. The prior jury verdict and public record requests, in turn, are immaterial as the documents do not have an essential relationship to Plaintiffs' claims for relief. The Court grants Defendants' motion on this issue.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to strike (Dkt. 7) is **GRANTED in part** and **DENIED in part** as stated herein. Plaintiffs need not file an amended complaint on the docket because only the attachments have been stricken.

Dated this 7th day of July, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge