# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| W.H., et al., <br><br> Plaintiffs, <br><br> v. <br><br> OLYMPIA SCHOOL DISTRICT, et al., <br><br> Defendants. | CASE NO. C16-5273 BHS <br><br> ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on the motion for reconsideration of Defendants Olympia School District (the "District"), Jennifer Priddy, Frederick Stanley, Barbara Greer, William Lahmann, and Dominic Cvitanich (collectively "Defendants"). Dkt. 42. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated below.

## I. INTRODUCTION

On August 18, 2017, the Court entered an order granting in part and denying in part Defendants' motion for summary judgment. Dkt. 39. On August 29, 2017, Defendants moved for reconsideration. Dkt. 42. On August 29, 2017, the Court issued an

order requesting a response from Plaintiffs. Dkt. 44. On September 8, 2017, Plaintiffs responded. Dkt. 46. On September 14, 2017, Defendants replied. Dkt. 49.

## II. DISCUSSION

### A. Standard

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rules W.D. Wash. LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

### B. Newly Discovered Facts

Defendants move for reconsideration on two factual bases. First, they point out the Court's previous order relied on the fact that Ms. Chambers's declaration claimed that she made a complaint to the District in 2007, but subsequent depositions have revealed that the complaint was not made until 2009. *See* Dkt. 42 at 2–3, 9. Second, Defendants

argue that Mr. McGuigan's declaration inaccurately suggests that he named Gary Shafer as his child's bus driver in his 2007 complaint to the District—another inaccuracy which was not discovered until a recent deposition. *Id.* at 4–5. The newly discovered facts presented by Defendants relate to the Court's decision in the following two ways: (1) the Court relied on the purported fact that Ms. Chambers and Mr. McGuigan made their complaints to the District in 2007 to conclude that a triable issue of fact exists as to whether the District had actual knowledge of sexual grooming prior to the minor Plaintiffs' abuse, *see* Dkt. 39 at 12–13; and (2) the Court relied on the purported fact that Ms. Chambers and Mr. McGuigan made their complaints to the District in 2007 to conclude that there are triable issues of fact as to whether Defendants implemented customs or practices in deliberate indifference to their students' welfare that proximately caused plaintiffs' sexual abuse.

The fact that Ms. Chambers's report was not made until the beginning of the 2008–2009 school year substantially weakens Plaintiffs' Title IX claims that the District had actual notice of the readily-recognizable sexual grooming prior to Plaintiffs' sexual abuse during the 2008–2009 school year. It similarly weakens Plaintiffs' argument that the District's customs and Defendants' alleged failure to investigate complaints of readily-recognizable sexual grooming proximately caused the minor Plaintiffs' abuse.

However, while these newly discovered facts weigh significantly on the strength of Plaintiffs' case, the Court concludes that they do not alter the outcome of the previous order. Even though Ms. Chambers did not make her complaint until late 2009, the fact remains that the District received Mr. McGuigan's complaint in 2007. That complaint

described how the driver of his daughter's bus, Gary Shafer, would regularly make unscheduled stops mid-route in order to play games of hide and seek with kindergarten children, during which he would touch and tickle them. Dkt. 34-3 at 62–64; Dkt. 47 at 41–43. There is no question that two reports of behavior readily identified as evidence of sexual grooming provide a stronger basis for finding that the District had actual knowledge of sexual misconduct than does a single report. Nonetheless, Mr. McGuigan's 2007 report is alone sufficient to sustain the Court's previous order; specifically, that a jury could find that "although the District may not have subjectively viewed the complained-of conduct as sexually motivated, the District nonetheless had actual knowledge of grooming occurring on their buses that qualified as 'sexual misconduct' under applicable state regulations specifically implemented for the administration of school employees." Dkt 39 at 13. Moreover, although Ms. Chambers's report was not received until late 2009, that the complaint was purportedly ignored is still relevant to whether Mr. McGuigan's 2007 complaint was ignored pursuant to a policy or custom implemented by Defendants in deliberate indifference to the risk of student abuse.

Additionally, the fact that the Mr. McGuigan's complaint did not identify Gary Shafer by name has no effect on the Court's analysis. Mr. McGuigan provided the District with route information, including the name of the student and the school and kindergarten class to which the student was being driven. Dkt. 47 at 51. Mr. McGuigan called both the student's elementary school as well as the District's transportation department to lodge the complaint. Dkt. 47 at 42. A jury could reasonably conclude that

the Defendants would have discovered Gary Shafer's identity as the driver in question had the District adequately responded to Mr. McGuigan's 2007 complaint.

**C.      Assignments of Manifest Error**

Defendants also argue that the Court's previous order was premised on three legal errors. First, Defendants argue that the Court improperly considered the declaration of Mr. McGuigan because it was not signed. Dkt. 42 at 4. Second, they argue that the Court used an improper standard in determining that there is a triable issue of fact as to whether they possessed actual knowledge of Gary Shafer's sexual grooming of bus passengers. *Id.* at 7–8. Third, they argue that the Court improperly found that it was an undisputed fact that Gary Shafer was acting under color of state law in his role as a bus driver for the District. *Id.* at 8–9.

Regarding the first assigned error, Defendants did not object to the unsigned copy of Mr. McGuigan's declaration. If Defendants had so objected, Plaintiffs would have provided the properly signed copy, as they have done in response to the motion for reconsideration. Dkt. 47 at 41–43. The subsequent deposition of Mr. McGuigan only confirms the facts attested to in his declaration. Considering the declaration to which no objection was filed was not manifest error; and if it was, the error has since been cured by the filing of a properly signed declaration.

In their second assignment of error, Defendants argue that the Court improperly applied the precedent of *Gebser v. Lago Independent School Dist.*, 524 U.S. 274, 283 (1998), to Plaintiffs' Title IX claim when it found that "a triable issue of fact arises as to actual knowledge when a school official is confronted with known acts that could

objectively be characterized as sexually motivated, but the official does not view those acts as sexual harassment." Dkt. 39 at 10 (internal quotations marks and edits omitted). However, other than requesting that the Court reconsider its previous decision, Defendants do not offer any substantive analysis on how the Court's decision conflicts with *Gebser*. This is likely because the Court already placed significant emphasis on the *Gebser* decision in its previous order, and Defendants' arguments regarding *Gebser* have already been considered. Accordingly, the Court will decline to vacate its previous order based on Defendants' single-sentence assertion that the Court improperly applied *Gebser*. Defendants have already challenged the legal standard for actual knowledge employed by the Court in an appeal to the Ninth Circuit, *see* Dkt. 40, and the Court agrees that an appeal before the Circuit is the proper venue for their arguments on this issue to be resolved.

Finally, the Court declines to grant reconsideration on Defendants' assignment of error that Gary Shafer was not acting under color of state law when he abused the minor plaintiffs. Where a "real nexus exists between the activity out of which the violation occurs and the teacher's duties and obligations, then the teacher's conduct is taken under color of state law." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 n. 4 (5th Cir. 1994), *cert. denied*, 513 U.S. 815. The Ninth Circuit has plainly stated that "the Constitution protects a child's right to be free from sexual abuse by school employees while attending public school." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Because Gary Shafer abused the minor Plaintiffs while he was transporting and

supervising them in his role as a bus driver employed by the District, the abuse has an obvious and real nexus to his obligations and duties as a district employee.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for reconsideration (Dkt. 42) is **DENIED**.

Dated this 4th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge