UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| W.H. et al., <br><br> Plaintiffs, <br><br> v. <br><br> OLYMPIA SCHOOL DISTRICT, et al., <br><br> Defendants. | CASE NO. C16-5273 BHS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY ISSUES TO THE WASHINGTON STATE SUPREME COURT AND TO STAY PROCEEDINGS |

This matter comes before the Court on Defendants Olympia School District ("District"), Jennifer Priddy ("Priddy"), Frederick Stanley ("Stanley"), Barbara Greer ("Greer"), William Lahmann ("Lahmann"), and Dominic Cvitanich's ("Cvitanich") (collectively "Defendants") motion to certify issues to the Washington State Supreme Court and to stay proceedings. Dkt. 76. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 8, 2016, Plaintiffs W.H., both for herself and as guardian for her minor daughter P.H., J.H. individually, and B.M., both for herself and as guardian for her minor

daughter S.A. (collectively "Plaintiffs") commenced this action. Dkt. 1. Plaintiff W.H. is the mother of minor Plaintiff P.H. Dkt. 1, ¶¶ 13–14. Plaintiffs J.H. and B.M. are the father and mother of minor Plaintiff S.A. *Id.*, ¶¶ 15–17.

On June 23, 2017, Defendants moved for summary judgment. Dkt. 27. On August 18, 2017, the Court entered an order granting in part and denying in part Defendants' motion. Dkt. 39. The Court granted summary judgment for Defendants to the extent Plaintiffs argued Defendants violated a clearly established right of the minor Plaintiffs by depriving them of necessary medical attention, granted summary judgment for Defendant Cvitanich on Plaintiff's claims against him under 42 U.S.C. § 1983, and denied Defendants' motion for summary judgment as to Plaintiffs' Title IX claims against the District and Plaintiffs' § 1983 claims against the remaining Defendants. Dkt. 39 at 27. Defendants moved for reconsideration, and the Court denied the motion on October 4, 2017. Dkt. 54. Defendants appealed to the Ninth Circuit. On September 26, 2018, the Ninth Circuit affirmed the Court's finding that Stanley and Greer are not entitled to qualified immunity due to "triable issues as to whether they sustained a policy, practice, or custom of deliberate indifference toward repeated sexual abuse that was a 'moving force' behind the injuries of P.H. and S.A." Dkt. 60 at 4. The Circuit reversed as to Lahmann and Priddy, finding they were entitled to qualified immunity on the question of whether a causal connection existed between their acts or failure to act and the abuse. *Id.* at 4–5.

On February 2, 2019, Plaintiffs moved for leave to amend. Dkt. 65. On April 17, 2019, the Court granted the motion, permitting Plaintiffs to revise their claims on two

bases. Dkt. 74. First, Plaintiffs were permitted to amend their claim brought pursuant to 42 U.S.C. § 1983 to reflect the Ninth Circuit's decision dismissing this claim as to Defendants Priddy, Lahmann, and Cvitanich, and to clarify that the § 1983 claim was maintained under the Fourteenth Amendment and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), not the Fourteenth Amendment and the Ninth Amendment. *Id.* at 5, 11. Second, Plaintiffs were permitted to add a claim under the Washington Law Against Discrimination ("WLAD") RCW Chapter 49.60, on the theory that the District could be liable for discrimination against the minor Plaintiffs as members of a protected class in a place of public accommodation based on the Washington Supreme Court's decision in *Floeting v. Group Health Cooperative*, 192 Wn.2d 848 (2019) ("*Floeting*"). *Id.* at 5–6, 11. Also on April 17, 2019, Plaintiffs filed their amended complaint. Dkt. 75.

On June 25, 3019, Defendants filed the instant motion to certify issues to the Washington Supreme Court and stay proceedings. Dkt. 76. On July 15, 2019, Plaintiffs responded. Dkt. 77. On July 19, 2019, Defendants replied. Dkt. 79.

## II. FACTUAL BACKGROUND

Relevant to the instant motion, in August of 2005, the District hired Gary Shafer, a 26-year-old man, as a bus driver. Dkt. 34-1 at 2.[1] Over the course of his employment, Shafer sexually harassed and abused between twenty-five and thirty-five (although possibly as many as seventy-five) of the District's youngest bus passengers, including the minor Plaintiffs P.H. and S.A. Dkt. 34-2 at 76; Dkt. 34-5 at 49–50; Dkt. 75, ¶ 68.

---

[1] A more detailed factual history is available in the Court's August 18, 2017 Order. Dkt. 39 at 2–6.

## III. DISCUSSION

Defendants ask the Court to certify questions to the Washington State Supreme Court to address how a cause of action under *Floeting* may relate to Washington law (1) appearing to show school districts are not subject to suit under a theory of strict liability nor (2) subject to liability for intentional sexual misconduct perpetrated by their employees. Dkt. 76 at 11. Defendants also ask the Court to certify a question asking whether sexual abuse can be construed to be based on gender when an abuser harmed children of both genders. *Id.* The Court finds that the first issue is appropriate for certification, the second issue is dependent on the first, and the third is not appropriate for certification.

**A.     The Court's Order Granting Plaintiffs' Motion to Amend**

In its April 17, 2019 Order (the "April 17th Order") granting the motion to amend, the Court considered whether there was a conceivable set of facts from which it appeared Plaintiffs could state a claim under the theory of recovery articulated in *Floeting* such that amendment was not futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). In *Floeting*, the employee of a health care provider repeatedly sexually harassed a patient when the patient was seeking medical treatment, thus violating his right to be free from discrimination by the agents or employees of a place of public accommodation under the WLAD. *Floeting*, 192 Wn.2d at 850, 852–53. Similarly, the Court found that Plaintiffs could reasonably state a claim that their children were sexually

harassed by the district's employee while on a school bus. *See* Dkt. 74 at 10 (explaining that the WLAD defines places of public accommodation to include "any public library or education institution, or schools of special instruction, or nursery schools, or day care centers or children's camps."). The Court concluded that certification could be a matter for additional motion practice once the record was fully developed. *Id.* at 10.

Relevant to Defendants' arguments in the instant motion regarding strict liability, the Court characterized *Floeting* as imposing "direct liability on a health care provider for the discriminatory conduct of its employee who sexually harassed a patient, without intercession of the doctrines of vicarious liability or respondeat superior." Dkt. 74 at 9 (citing *Floeting*, 192 Wn.2d at 856–57). Relevant to Defendants' arguments regarding intentional misconduct, the Court explained that the Washington Supreme Court specifically considered the argument that employers should not be liable for the unforeseeable acts of an employee and instead decided that "RCW 49.60.214 is not a negligence statute where foreseeability matters; it imposes direct liability for discriminatory acts, regardless of the culpability of the actor." *Id.* (quoting *Floeting*, 192 Wn.2d at 856).

**B.     Certification Standard**

When there is no controlling Washington Supreme Court precedent on issues of state law, the Court is bound to apply the law as it believes the Washington Supreme Court would under the circumstances. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). "If there be no decision by [the state's highest] court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of

other courts of the State." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967). "Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).

However, another option is available to the Court. Rather than guessing what the Washington Supreme Court would decide, the Court may certify the question to the Washington Supreme Court for review. Under Washington law:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020. As noted by the United States Supreme Court, certification saves "time, energy, and resources and [perhaps most importantly] helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

Here, the Court concludes that one question, and a second contingent on the answer to the first as set out below are appropriate for certification. However, this Court does not intend its statement of the questions to restrict the Washington State Supreme Court's consideration of any issue that it may determine is relevant. Should the Washington State Supreme Court decide to consider the certified questions, it may in its

discretion reformulate the questions. *See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

**C.     Merits**

Plaintiffs reasonably object to Defendants' motion for certification on the basis that the motion: (1) raises arguments which could have been raised in Defendants' opposition to the motion to amend complaint and so functions as a cloaked motion for reconsideration and (2) was brought before the record has been further developed as the Court indicated may be appropriate. Dkt. 77 at 1–4.

Regarding the first issue, for the purposes of a motion to amend it must be "beyond doubt" that amendment is futile as a matter of law. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). However, when the Court is called to decide liability, the Court must decide conclusively how to interpret the law. The Court finds that in this case there is a sufficient lack of clarity about how the Washington Supreme Court would apply a claim for strict liability for discrimination in places of public accommodation announced in *Floeting* to sexual abuse perpetrated by an employee of a school district such that certification is appropriate.

Regarding the second issue, which appears to refer to Defendants' arguments about Plaintiffs' ability to prove discrimination on the basis of gender, the specifics of the abuse perpetrated by Schafer against the minor Plaintiffs themselves in comparison to other minor victims are not yet clearly established in the record. However, the Court agrees with Plaintiffs that whether the specifics of Schafer's abuse show discrimination based on gender is a question of fact not appropriate for certification.

### 1. Strict Liability

First, it appears that in Washington, school districts have not been subject to suit under a strict or direct liability theory. While it is an older case, the Washington Supreme Court explained the issue in *Briscoe v. Sch. Dist. No. 12, Grays Harbor Cty.*, 32 Wn.3d 353, 360–61 (1949):

> The general rule in this country is that a school district is not, *in the absence of a statute*, subject to liability for injuries to pupils suffered in connection with their attendance at school, since such district, in maintaining schools, acts as an agent of the state, and performs a purely public or governmental duty, imposed on it by law for the benefit of the public, and for the performance of which it receives no profit or advantage.
>
> In the state of Washington, this general rule has been changed by virtue of Rem.Rev.Stat. §§ 950, 951 providing, inter alia, that a school district may be sued 'for an injury to the rights of the plaintiff *arising from some act or omission*' of such public corporation.

(emphasis added). The referenced statute currently appears in the Washington Revised Code at RCW 4.08.120. Defendants cite a substantial volume of Washington caselaw holding school districts liable only under negligence theories for conduct similar to the conduct alleged in this case. *See* Dkt. 79 at 2–3 (citing, inter alia, *Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343 (2018); *N.L. v. Bethel Sch. Dist.*, 186 Wn.2d 422 (2016)). Plaintiffs fail to cite authorities which show a claim against a school district proceeding on a theory of strict liability in Washington.

Therefore, the Court certifies the following question:

1. May a school district be subject to strict liability for discrimination by its employees in violation of the WLAD?

## 2. Intentional Acts

Defendants argue that *Floeting* could represent a sea change in Washington law on the issue of employer liability for intentional sexual misconduct by employees and imply that allowing a strict liability cause of action under the WLAD would have a particular impact on school districts. *See* Dkt. 79 at 4–5 (citing motions for leave to amend to add a WLAD cause of action in two ongoing cases against school districts). Defendants rely on several authorities to support their argument. For example, in *Evans v. Tacoma Sch. Dist. No. 10*, 195 Wn. App. 25, 29–40 (2016), the Washington Court of Appeals held the school district could not be vicariously liable for a school security guard's sexual assault of a student because the guard's conduct was outside the scope of his employment. In *C.J.C. v. Corp. of Catholic Bishop*, 138 Wn.2d 699, 718–19 (1999) ("*C.J.C.*"), negligence claims were brought against church officers who allegedly failed to protect children from sexual abuse and the Washington Supreme Court explained that it has never adopted an approach permitting the imposition of respondeat superior or strict liability for an employee's intentional sexual misconduct. In *Niece v. Elmview Group Home*, 131 Wn.2d 39, 42 (1997) ("*Niece*"), the Washington Supreme Court declined to adopt what it characterized as "strict liability for an employee's intentional or criminal conduct," explaining that it was "unable to determine the public policy consequences of such a major change in Washington employer liability and therefore reserve[d] such considerations of public policy for the Legislature." *See* Dkt. 79 at 3. Defendants argue the conduct alleged in the case at bar is more analogous to the conduct alleged in these cases than the verbal sexual harassment alleged in *Floeting*. *Id*.

Plaintiffs' allegations in this case are primarily grounded in physical sexual abuse, *see, e.g.*, Dkt. 75, ¶¶ 28, 37, though sexual harassment is also alleged, *see, e.g.*, *id*. at 68. Defendants appear to argue that at some point conduct becomes sufficiently intentional or criminal that it goes beyond the scope of the WLAD. The Court finds this difficult to reconcile with *Floeting*—a person subject to assault based on membership in a protected class in a place of public accommodation is arguably more deprived of the benefits of public accommodation than a person subject to verbal sexual harassment. *Floeting* clearly imposed direct liability on employers for "the sexual harassment of members of the public by their employees, just as . . . if their employees turned customers away because of their race, religion, or sexual orientation." *Floeting*, 192 Wn.2d at 851. The Washington Supreme Court further explained "[i]t is the province of the legislature to establish standards of conduct and attendant rules of liability, and the legislature determined direct liability is appropriate" for claims of discrimination in public accommodation. Dkt. 77 at 7 (citing *Floeting*, 192 Wn.2d at 856).

While the Court finds Defendants' line of analysis most likely foreclosed either by *Floeting* or by an answer in the negative to the Court's first certified question, the Washington Supreme Court could also consider the following question, contingent on its answer to the Court's first certified question:

> 2. If a school district may be strictly liable for its employees' discrimination under the WLAD, does "discrimination" for the purposes of this cause of action encompass intentional sexual misconduct including physical abuse and assault?

### 3. Discrimination Based on Gender

Defendants argue that the Court should certify a question asking in effect whether a plaintiff can prove discrimination was based on gender when the perpetrator directed harassing conduct toward victims of both genders. The Court agrees with Plaintiffs that whether Plaintiffs can show gender was a substantial factor in the discrimination the minor Plaintiffs experienced remains a factual question at this point in the proceedings, with discovery currently scheduled to close on January 6, 2020. Dkt. 77 at 9 (citing *Floeting*, 192 Wn.2d at 853). Therefore, the question does not appear ripe for a legal determination, and the Court declines to certify this issue, though as previously stated the Washington Supreme Court clearly has the discretion to reformulate the certified questions to address this matter as well if the Washington Supreme Court deems it relevant.

## D. Stay

Finally, the Court must consider whether to stay this action pending resolution of the certification process. Plaintiffs contend that Defendants have failed to demonstrate any question of law warranting certification. Dkt. 77 at 10. For the reasons set forth above, the Court disagrees. Plaintiffs do not make arguments specific to the issue of a stay. The Court finds that a stay will conserve resources by avoiding potentially unnecessary discovery or motions practice. Therefore, the Court **STAYS** this action until the Washington Supreme Court either declines the certification or answers the certified questions. Of course, nothing in this order should be construed to prevent the parties from pursuing resolution of this case through settlement negotiations.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for certification, Dkt. 76, is **GRANTED**. The Clerk shall stay and administratively close this matter.

The Clerk shall also submit to the Washington State Supreme Court certified copies of this Order; a copy of the docket in this matter, and Docket Numbers 1, 15, 39, 44, 54, 60, 74, and 75–79. The record so compiled contains the matters in the pending case deemed material for consideration of the questions certified for answer.

In accordance with Washington State RAP 16.16(e)(1), which states that "[t]he federal court will designate who will file the first brief," the Court designates Plaintiffs as the party which will file the first brief in the Washington State Supreme Court on the certified question. The parties are referred to RAP 16.16 for additional information regarding procedures upon review of the certified question. The Clerk shall notify the parties within three days after the above-described record is filed in the Washington State Supreme Court.

Dated this 6th day of September, 2019.

BENJAMIN H. SETTLE
United States District Judge