UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

W.H., et al.,

Plaintiffs,

v.

OLYMPIA SCHOOL DISTRICT, et al.,

Defendants.

CASE NO. C16-5273 BHS

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs' motion for reconsideration. Dkt. 115. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

The Court reincorporates by reference the relevant factual and procedural background found in the underlying order. *See* Dkt. 108 at 1–5. Plaintiffs bring claims against Defendants arising out the sexual harassment and abuse by Gary Shafer—a former District bus driver. On November 10, 2021, the Court granted in part and denied in part Plaintiffs' motion for partial summary judgment on their Washington Law Against

Discrimination ("WLAD"), RCW Chapter 49.60, claim against Defendant Olympia School District. Dkt. 108. The Court concluded that Plaintiffs established the first three elements of their WLAD claim as a matter of law but the final element—whether the minor Plaintiffs' protected status was a substantial factor that caused the discrimination—was categorically a question of fact. *Id.* at 18–19.

On November 24, 2021, Plaintiffs filed a timely motion for reconsideration, arguing that the Court committed manifest error in concluding that a court could categorically not determine the final element of a WLAD claim as a matter of law. Dkt. 115. The Court ordered the District to respond, Dkt. 116, and the District did so on December 3, 2021. Dkt. 117. On December 16, 2021, Plaintiffs replied. Dkt. 119.

## II. DISCUSSION

### A. Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h)(1).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and alteration omitted). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for motions for reconsideration, are intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Mere disagreement with a previous order is an insufficient basis for reconsideration," and "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court agrees with Plaintiffs that it committed manifest error in holding that the final element of a WLAD claim—whether the plaintiff's protected status was a substantial factor that caused the discrimination—could not be decided as a matter of law. *See* Dkt. 108 at 7, 18–19 (citing, *inter alia*, *Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 637 (1996)). Indeed, the authority cited by the District supports Plaintiffs' arguments that the Court may determine the substantial factor element as a matter of law. *See, e.g.*, *Briscoe v. City of Seattle*, 483 F. Supp. 3d 999, 1016 (W.D. Wash. 2020) (concluding as a matter of law that race was not a substantial factor that caused the

alleged discrimination). There is no categorical bar on considering the substantial factor element on a motion for summary judgment, and the Court erred in ruling that the factor is exclusively a question of fact.

In light of the Court's manifest error, the Court finds reconsideration of the underlying order's analysis of the substantial factor element appropriate.

**B. Motion for Partial Summary Judgment**

Plaintiffs argue that the undisputed material facts establish that Plaintiffs P.H. and S.A. suffered prohibited discrimination in a place of public accommodation for which the District is strictly liable. Dkt. 95. To make a prima facie WLAD public accommodation claim, a plaintiff must show that:

> (1) the plaintiff is a member of a protected class, (2) the defendant's establishment is a place of public accommodation, (3) the defendant discriminated against the plaintiff when it did not treat the plaintiff in a manner comparable to the treatment it provides to persons outside that class, and (4) the plaintiff's protected status was a substantial factor that caused the discrimination.

*Floeting v. Grp. Health Coop.*, 192 Wn.2d 848, 853 (2019) (internal citation omitted).

A "substantial factor" means that the protected characteristic was a significant motivating factor that caused the discrimination, but it does not mean that the protected characteristic was the sole motivating factor. *See Scrivener v. Clark College*, 181 Wn.2d 439, 444–45 (2014).[1] The substantial factor element of a WLAD claim reflects "the

[1] Although *Scrivener* addressed a WLAD employment discrimination claim, employment substantial factor case law has been cited in public accommodation cases. *See, e.g.*, *Davis v. Choo*, Case No. C19-1929-JCC, 2020 WL 6685068 (W.D. Wash. Nov. 12, 2020); *Hill v. Wash. Interscholastic Activities Ass'n*, 17 Wn. App. 2d 1043 (2021) (unpublished opinion).

necessity for establishing proximate cause, and has nothing to do with the subjective intent of the defendant." *Fell*, 128 Wn.2d at 642 n.30.

The Court previously declined to engage in the substantial factor analysis because it incorrectly believed that the issue was solely a question of fact. *See* Dkt. 108 at 19. The Court now considers the parties' evidence presented in Plaintiffs' motion for partial summary judgment.[2]

Plaintiffs argue that there is no reasonable dispute that S.A. and P.H.'s gender was a significant motivating factor for Shafer's sexual abuse of them. Dkt. 95 at 18–22. Shafer has previously testified that he did not sexually abuse boys, *see* Dkt. 96, Ex. 9, at 144, and that he was attracted to "the young girl," *see id.*, Ex. 8, at 138. They additionally cite to case law that supports the proposition that physical sexual assault constitutes gender-based discrimination on its face. *See Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065–66 (9th Cir. 2002) (collecting Title VII cases holding that physical sexual assault is "inescapably because of sex.") (internal quotation and alteration omitted).

The District, on the other hand, asserts that "Shafer is an opportunist and 'undifferentiated pedophile'" who is attracted to both sexes. Dkt. 98 at 18. It argues that there is a question of fact as to whether Shafer abused S.A. and P.H. because of their gender, seemingly because Shafer's motivation was age not gender. *Id.* at 18–20. The

---

[2] Plaintiffs' motion for reconsideration was solely on whether the Court committed manifest error in concluding that a court could categorically not determine the final element of a WLAD claim as a matter of law. Dkt. 115. Because the Court agrees that reconsideration is appropriate, it will only consider the arguments in Plaintiffs' underlying motion for partial summary judgment. It will not consider any evidence or arguments presented for the first time in support of or in opposition to the motion for reconsideration.

District cites to the declaration of one of Shafer's alleged male victims to support its arguments, *see* Dkt. 99-4, but does not provide any other evidence, such as expert opinion, that the assault was not significantly motivated by the minor Plaintiffs' gender.

Preliminarily, the District is judicially estopped from arguing that Shafer did abuse the alleged male victim in this case because it has adamantly denied the allegation in the male victim's lawsuit against the District. *See* Dkt. 119 at 5–6 & nn.1–2. Under Washington law, the doctrine of judicial estoppel "precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position." *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538 (2007) (internal quotation omitted). In deciding whether to apply the judicial doctrine of estoppel, a court considers (1) whether "a party's later position" is "clearly inconsistent with its earlier position"; (2) whether "judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal quotations omitted).

The three factors are met in this instance. The District's position on whether the alleged male victim was abused by Shafer is clearly inconsistent between the two lawsuits and would drive an unfair advantage to the District. And judicial acceptance of the District's position here would create a perception that the District is misleading either this Court or the state court. Judicial estoppel is thus appropriate here. But even if the

District was not judicially estopped, it has not presented other evidence to support their theory that Shafer was an "undifferentiated pedophile" beside a mere allegation and its own conclusory arguments.

Based on the evidence presented in the motion for partial summary judgment, the Court concludes that, as a matter of law, reasonable minds would not differ as to whether S.A. and P.H.'s gender was a significant motivating factor.[3] The evidence is that their gender was, at the very least, a substantial factor that caused the discrimination. Whether S.A. and P.H.'s gender was a factor to Shafer subjectively is not relevant to the Court's inquiry here; it is whether objectively the abuse was significantly motived by their gender. *See Fell*, 128 Wn.2d at 642 n.30. The physical assault that occurred here was objectively sexual and, therefore, gender was a significant motivating factor as a matter of law. *Accord Rene*, 305 F.3d at 1065–66. Even if age was a factor in the assault, gender need not be the sole motivating factor to be a substantial factor.

Viewing the evidence in the light most favorable to the District, the Court concludes that reasonable minds would agree that S.A. and P.H.'s protected status was a substantial factor that caused the discrimination.

**C. Conclusion**

As a matter of law, Plaintiffs have established the four requisite elements of their WLAD claim. S.A. and P.H. were members of a protected class, they were subjected to

[3] That the Court previously held the substantial factor element was a factual question does not preclude the Court's conclusion here. *See* Dkt. 80 at 11. The Court's decision was related to the District's motion to certify and not on an affirmative motion for summary judgment.

discrimination in a place of public accommodation, and their protected status was a substantial factor that caused the discrimination. As such, the District is strictly liable for any damages caused by the actions of its employee. *See W.H. v. Olympia Sch. Dist.*, 195 Wn.2d 779, 789 (2020). The questions of damages and the causation of the same remain to be decided at trial.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for reconsideration, Dkt. 115, is **GRANTED** and that Plaintiffs' motion for partial summary judgment, Dkt. 95, is **GRANTED**.

Dated this 14th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge